JUDGE SEIBEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 11 CIV 4842

-------------------------------------------------------------X   Case No.

DAVID CASEY

                               Plaintiff,

               **COMPLAINT**

      -against-

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
-------------------------------------------------------------X

      Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

      1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction against defendant's deceptive acts and practices.

## PARTIES

      2.    Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3.      Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign business corporation incorporated in Pennsylvania.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5.      Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.      That at a time better known to defendant, defendant began collecting a consumer debt allegedly incurred to American Express (US). Said debt was incurred for personal purposes.

7.      That by letter dated June 12, 2010, defendant wrote to plaintiff seeking payment of the said debt. Said letter was defendant's initial written communication with plaintiff.

8.      That, upon plaintiff's receipt of the said letter from defendant, plaintiff conferred with his attorneys at Fagenson & Puglisi. Thereafter, Concetta Puglisi, Esq., of Fagenson & Puglisi sent a letter dated June 17, 2010 to defendant, informing defendant that plaintiff was disputing the consumer debt alleged to be owed by plaintiff and that Fagenson & Puglisi represents plaintiff. Plaintiff's attorneys also requested in the said letter that plaintiff not be contacted directly concerning the debt.

9. That, notwithstanding plaintiff's attorneys' said letter to defendant, defendant again sent a collection letter directly to plaintiff at his home in an attempt to collect the same debt. Said letter is dated July 13, 2010.

10. That, on information and belief, said letter was mailed by defendant on a date subsequent to July 13, 2010.

11. That plaintiff received the letter several days after July 13, 2010.

12. That defendant's said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2).

13. That said letter also violates the FDCPA, §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

14. That said letter also violates the FDCPA, §1692d, in that the natural consequence of defendant's conduct in sending a collection letter to plaintiff while knowing that plaintiff is represented by counsel in the matter of the collection of the debt was to cause plaintiff anxiety, distress, annoyance, harassment, abuse and oppression.

15. That upon the receipt of defendant's letter, plaintiff did suffer anxiety, distress, annoyance, harassment, abuse and oppression.

16. That defendant's said July 13, 2010 letter also constitutes a violation of the FDCPA, §1692g(b), in that, notwithstanding plaintiff's attorneys' timely dispute of the debt, defendant did not cease collection of the debt until verification was provided, as required by §1692g(b), but proceeded to send the aforesaid July 13, 2010

letter.

## AS AND FOR A SECOND CAUSE OF ACTION

17. That plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated herein.

18. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

19. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant has a pattern of mailing or causing to be mailed directly to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumer is represented by an attorney and without providing verification of the debts.

20. That plaintiff suffered anxiety, distress, annoyance, harassment, abuse and oppression upon receipt of the defendant's collection letters despite his attorney's letter that he should not be contacted directly.

21. That defendant improperly contacted plaintiff with full knowledge that he is represented by counsel and without verifying the debt, and in so doing violated NYGBL §349.

22. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a)    statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

    (b)    statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

    (c)    enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

    (d)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

    (e)    for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
July 11, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com